UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JAIME ACOSTA,                                                        CASE NO.:

    Plaintiff,

v.

SUPERIOR RECYCLING & WASTE
MANAGEMENT INC.
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, JAIME ACOSTA ("Plaintiff" or "Mr. Acosta"), by and through undersigned counsel, files this Complaint against Defendant, A. ("Defendant" or "SUPERIOR"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, lost wages including front and back pay, liquidated damages, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff was an employee who performed driving services on behalf of Defendant in Broward County, Florida.

3. SUPERIOR is a Florida Profit Corporation located in Broward County, Florida, and which, at all times relevant, performed work in Broward County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the

1

Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Broward County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. At all times material hereto, Defendant was primarily engaged in providing, among other things, land clearing, waste, recycling, and demolition services in Broward County, Florida.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Plaintiff was engaged in the "production of

goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as tools, cleaning supplies, and work equipment, but which had come to rest within its location in Broward County, Florida.

## FACTUAL ALLEGATIONS

15. Plaintiff began working for Defendant as an hourly-paid Driver on March 15, 2020.

16. Plaintiff always worked in Broward County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

17. Plaintiff had no authority to hire or fire employees of SUPERIOR.

18. Plaintiff had no authority to discipline employees of SUPERIOR.

19. Plaintiff had no authority to determine the schedules to be worked by any employees of SUPERIOR, or to change the schedules.

20. Plaintiff had no authority to set rates of pay for other employees or agents of SUPERIOR.

21. Plaintiff had no input into performance reviews of other employees or agents of SUPERIOR.

22. All of Plaintiff's major decisions had to be cleared in advance by one of SUPERIOR's supervisors.

23. Plaintiff was closely monitored by SUPERIOR's managers and supervisors

at all times.

24. Plaintiff followed procedures established by SUPERIOR and did exactly as he was instructed to do.

25. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

26. Defendant paid Plaintiff a flat rate of $1,100.00 per week, regardless of how many hours he worked.

27. From November 4, 2020, until around November 20, 2021, Plaintiff worked an average of sixty-two (62) or more hours per week for Defendant.

28. Despite this, SUPERIOR elected to pay Plaintiff **nothing at all** for his earned overtime hours, essentially considering them to be "off the clock."

29. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period, instead paying him nothing at all for all such hours worked over 40.

30. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

31. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

32. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to

      properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

33. Taking an average of twenty-two (4) overtime ("OT") hours per week, Plaintiff is owed 4 OT hours x $25.00 per hour totaling $100.00 per week. Plaintiff estimates approximately 46 weeks remain in the operative FLSA statute of limitations. As such Plaintiff is owed a total of $46 x 100 = $4,600.00 in unliquidated overtime damages, and $9,200.00, in liquidated damages plus attorneys' fees and costs.

34. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

35. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37. Based on the allegations in Paragraphs 34-36, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

38. Plaintiff continues to suffer damages based on Defendant's unlawful pay practices.

39. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

40. Plaintiff reincorporates and re-alleges paragraphs 1 through 39, above, as though set forth fully herein, and further alleges as follows:

41. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

42. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

43. Plaintiff was not an exempt employee as defined by the FLSA.

44. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to his for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 10th day of January, 2023.

Respectfully Submitted,

**By: /s/Noah Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A. 10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Trial Counsel for Plaintiff*